IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TAUNI ANDREWS, individually and as Next Friend of KS and ZC minors, and SUE PITMAN, **Plaintiffs,** v. STEPHEN JAKOBITZ and ROLLINS ACCEPTANCE COMPANY, LLC, d/b/a ORKIN, **Defendants.** | Case No. 3:23-CV-03578-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Sue Pitman sought routine termite control services from Orkin[1] in early 2022. Defendant Stephen Jakobitz inspected her home and recommended that Pitman's attic needed more insulation to improve her home's energy efficiency. Upon this recommendation, Pitman contracted to have insulation blown into her attic. Service employees returned to Pitman's home about three weeks after Jakobitz's initial inspection to perform the insulation service. Those employees dislodged the vent flue, which vented the water heater and furnace through the roof, allowing carbon monoxide to fill the home.

Carbon monoxide was not the only guest in Pitman's home that day. While the poisonous gas silently oozed throughout the house, Plaintiff Tauni Andrews,[2] eight

---

[1] Plaintiffs listed Defendant Rollins Acceptance Company LLC as doing business as Orkin. But, as discussed below, Rollins is the incorrect defendant in this matter and does not conduct business under the Orkin name.
[2] The many filings in this case are inconsistent as to the spelling of Ms. Andrews's first name, sometimes using "Tauni" and other times "Taunni." The Court will use the spelling that appears on the docket: Tauni.

months pregnant at the time, and her two-year-old son K.S. were present. As a result of carbon monoxide exposure, Pitman, Andrews, and K.S. turned drowsy, passed out, and became unconscious.

After being pulled from the home, Pitman and K.S. received oxygen at the scene. Meanwhile, Andrews was rushed to the hospital for an emergency c-section to deliver her son, Z.C., prematurely. Aside from the immediate effect of the poisoning, this incident aggravated Pitman's heart condition, resulted in further treatment and medical bills for Andrews and her children, led to developmental issues for Z.C., and caused pain and suffering for each plaintiff.

Plaintiffs initiated this lawsuit in St. Clair County, Illinois, lodging claims of negligence against Stephen Jakobitz, an Illinois citizen, and Rollins Acceptance Company, LLC, d/b/a Orkin ("Rollins"). Rollins removed the action to this district court arguing that Plaintiffs fraudulently joined Jakobitz to keep their claims in state court. With Jakobitz dismissed from the action for fraudulent joinder, Rollins urges that removal is proper under 28 U.S.C. § 1332 and within the Court's diversity jurisdiction.

After removal, Plaintiffs filed a Motion to Remand arguing against fraudulent joinder and pointing to the forum defendant rule (Doc. 18), to which Rollins filed a response in opposition. (Doc. 28). Defendants Rollins and Jakobitz also filed separate motions to dismiss the Complaint. (Docs. 9, 12). Plaintiffs responded to each of these motions. (Docs. 23, 24). Jakobitz filed a reply to Plaintiffs' response to his motion. (Doc. 27). Lastly, Plaintiffs filed a Motion to Amend/Correct their Complaint. (Doc. 22).

LEGAL STANDARD

I. Removal

Removal is governed by 28 U.S.C. § 1441, which provides in relevant part, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The removing party bears the burden of demonstrating removal is proper. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). "[D]oubts regarding removal are resolved in favor of the plaintiff's choice of forum in state court." *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013).

II. Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). To survive a Rule 12(b)(6) motion, a plaintiff only needs to allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff need not plead detailed factual allegations, but must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Id.* at 555.

In deciding a motion to dismiss under Rule 12(b)(6), a court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences in the plaintiff's favor. *Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 504 (7th Cir. 2013). Taken together, the factual allegations contained within the complaint must "raise a right to relief above the

speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted).

A motion to dismiss the complaint under Rule 12(b)(7) seeks dismissal for the failure to join a necessary party. FED. R. CIV. P. 12(b)(7). In considering such a motion under Rule 12(b)(7), a court is required to accept the allegations in the complaint as true but can consider extrinsic evidence beyond the pleadings. *Davis Companies v. Emerald Casino, Inc.*, 268 F.3d 477, 480 n. 4 (7th Cir. 2001). On a Rule 12(b)(7) motion, the movant bears the burden of demonstrating that the absent party is a necessary and indispensable party that must be joined. *Ochs v. Hindman*, 984 F. Supp. 2d 903, 906 (N.D. Ill. 2013).

## DISCUSSION

### I. Removal and Diversity Jurisdiction

District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a). For cases removed on the basis of diversity jurisdiction, the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except when the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded. 28 U.S.C. § 1446(c)(2). A removing defendant's plausible amount-in-controversy allegation should generally be accepted. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). "Evidence establishing the amount is required…only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 89.

Turning to citizenship, a corporation is a citizen of every State by which it has been

incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c). "For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). An individual is generally regarded as a citizen of the state of the individual's domicile. *Galva Foundry Co. v. Heiden*, 924 F.2d 729, 730 (7th Cir. 1991). Traditionally, domicile is understood as physical presence and the intent to remain somewhere indefinitely. *Castellon-Contreras v. I.N.S.*, 45 F.3d 149, 153 (7th Cir. 1995).

Here, Plaintiffs' original complaint demanded "an amount in excess of $50,000.00, along with [their] costs incurred." (Doc. 3-1). Under the Illinois Supreme Court Rules, "[a]ny civil action seeking money damages shall have attached to the initial pleading the party's affidavit that the total of money damages sought does or does not exceed $50,000." Ill. Sup. Ct. R. 222(b). Illinois only requires a demand of more or less than $50,000, thus, the sum "in excess of $50,000.00" that Plaintiffs demanded does not reflect the amount in controversy. Based on the alleged injuries of carbon monoxide poisoning and its long-term effects paired with Plaintiffs' prior settlement demands (Doc. 3-5), the Court finds that Defendants' Notice of Removal plausibly alleges that the amount in controversy exceeds $75,000, exclusive of interest and costs. Moreover, Plaintiffs do not contest, nor does the court have reason to question, Defendants' allegation. As such, there is no need to make any evidentiary findings as to the amount in controversy for this requirement to be met.

For the diversity of citizenship requirements, Defendants state that all Plaintiffs are citizens of Illinois. Further, as an LLC, Rollins's citizenship depends on the citizenship of its members. Rollins Inc., Rollins's sole member, is a corporation incorporated in Delaware

with its principal place of business in Georgia. Only considering these parties, the requirements for this Court to assert diversity jurisdiction are satisfied. But Defendant Jakobitz, like Plaintiffs, is a citizen of Illinois.

Rollins argues that the Court can disregard Jakobitz's citizenship in its jurisdictional analysis because he was fraudulently joined to destroy diversity jurisdiction. Alternatively, Plaintiffs argue that Jakobitz has not been fraudulently joined, their claims against him have merit, and the case should be remanded to state court for lack of jurisdiction.

## II.     Fraudulent Joinder

The fraudulent joinder doctrine prevents a plaintiff from frustrating an out-of-state defendant's right of removal by joining a nondiverse defendant against whom the plaintiff's claim has no chance of success. *See Morris*, 718 F.3d at 666; *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 763 (7th Cir. 2009) ("A plaintiff typically may choose its own forum, but it may not join a nondiverse defendant simply to destroy diversity jurisdiction."). The doctrine carries a misnomer because "proof of fraud, though sufficient, is not necessary for retention of federal jurisdiction," and the plaintiff's motive is irrelevant. *Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011); *see also Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). To establish fraudulent joinder, the removing party bears the "heavy burden" of showing that "after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Morris*, 718 F.3d at 666 (emphasis in original) (quoting *Poulos*, 959 F.2d at 73).

If the removing party meets this burden as to the nondiverse defendant, the fraudulent joinder doctrine permits a district court considering removal to disregard, for

jurisdictional purposes, the citizenship of that defendant. *Schur*, 577 F.3d at 763. The court can then assume jurisdiction over the case, dismiss the nondiverse defendant, and thereby retain jurisdiction. *Id*. To establish whether a non-diverse defendant has been fraudulently joined, courts may look beyond the pleadings to uncontroverted summary evidence. *Rutherford v. Merck & Co., Inc.*, 428 F. Supp. 2d 842, 847-48 (S.D. Ill. 2006).

Rollins argues that joinder of Jakobitz, an Illinois citizen, is fraudulent because the allegations against him have no reasonable basis in fact or law, and no reasonable possibility exists that Plaintiffs can state a supportable cause of action against him. (Doc. 3). Primarily, Rollins emphasizes that Jakobitz had no role, and was not even present, while technicians applied insulation in Pitman's attic and allegedly dislodged the vent flue. (Doc. 3-4). Three weeks prior to the incident, in January 2022, Jakobitz simply inspected Pitman's home and executed a service agreement with Pitman. (*Id.*). That concluded Jakobitz's involvement. (*Id.*). He did not select the employees who performed the service in February 2022 or supervise them. (*Id.*). Considering these facts, Rollins argues that Plaintiffs cannot show that he breached a duty of care that he owed to Plaintiffs or that he caused their injuries in relation to the loose vent flue. (Doc. 3). Thus, according to Rollins, Plaintiffs' cause of action against Jakobitz has no chance of success, and his joinder in the action is fraudulent.

On the other hand, Plaintiffs contend that this Court cannot assert jurisdiction over the case because there is a lack of complete diversity of citizenship between the parties with Plaintiffs and Jakobitz both hailing from Illinois. (Doc. 18). According to Plaintiffs, prior to the insulation installation, Jakobitz looked into the attic, measured the attic, informed

Pitman of the insulation service and price, told Pitman that he would be her point of contact for the work, and left his business card. (*Id.*; Doc. 18-1). While he went to the attic to provide a bid, Plaintiffs contend Jakobitz must have seen the only flue pipe extending through the attic. (Doc. 18). Plaintiffs assert that Jakobitz was the only Rollins employee who discussed the work with Pitman and indicated he would perform the work with the help of others in a safe and competent manner. (*Id.*; Doc. 18-1). Jakobitz also purportedly returned to Pitman's home after the carbon monoxide exposure to inspect the work done in the attic. (*Id.*). Aside from the issue of complete diversity, Plaintiffs also claim protection under the forum defendant rule (that actions subject to a court's diversity jurisdiction cannot be removed if any defendant who is properly joined and served is a citizen of the State in which the action is brought). (Doc. 18). Because this action originated in Illinois and Jakobitz is an Illinois citizen, Plaintiffs claim this rule applies. (*Id.*).

      The Court finds that Jakobitz has been fraudulently joined. Based on the facts alleged and considering Illinois law, it is clear that Plaintiffs' claims against Jakobitz have no chance of success. To state a cause of action for negligence under Illinois law, "the plaintiff must establish that the defendant owed a duty of care, that the defendant breached that duty, and that the plaintiff incurred injuries proximately caused by the breach." *Espinoza v. Elgin, Joliet & E. Ry. Co.*, 649 N.E.2d 1323, 1326 (Ill. 1995); *LoBianco v. Bonefish Grill, LLC*, 94 F.4th 675, 677 (7th Cir. 2024). Looking closely at the allegations against Jakobitz in the Complaint, Plaintiffs allege that,

> Jakobitz owed Plaintiffs a duty of reasonable care. As a result of Jakobitz' breach of his duties and negligence in performing its (sic) work by negligently knocking the vent flue loose and intentionally failing to inform

> Plaintiffs of the danger (sic) Sue was damaged in that she had pain, suffering, and was rendered unconscious.

(Doc. 3-1, Count III ¶ 22; *see also* Count IV).[3] The Complaint also states that, "Rollins employees including Jakobitz went into [Pitman's] attic to blow insulation into it," and, in doing so, the Rollins employees knocked the vent flue loose and left the house without notifying Plaintiffs. (Doc. 3-1, ¶¶ 5, 6). But based on Jakobitz's uncontradicted affidavit (Doc. 28-1), along with Pitman's (Doc. 18-1), it is clear that Jakobitz was not in Pitman's house on February 10, 2022, when the vent flue and carbon monoxide incident occurred.[4] Thus, he could not have been negligent in dislodging the vent flue and failing to inform Plaintiffs of the resulting danger or risk of carbon monoxide exposure. Jakobitz's role amounted to inspecting the attic before the installation occurred, providing a bid for insulation services to Pitman, executing a service agreement with Pitman, and potentially (though disputed) returning to Pitman's home after the carbon monoxide exposure to inspect the previously botched work. Plaintiffs do not identify the insulation installers who came to Pitman's home or plausibly allege that Jakobitz supervised or exercised control over those employees. Even resolving all issues of fact and law in favor of Plaintiffs, they cannot establish a cause of action against Jakobitz, the nondiverse defendant. The allegations of negligence relate only to knocking the vent flue loose and leaving the

---

[3] In their proposed amended complaint, Plaintiffs adapt these allegations to say, "Jakobitz owed Plaintiffs a duty of reasonable care. As of result of Orkin, LLC's breach of its duties and negligence in performing its work…" (Doc. 22-1, ¶¶ 22, 24). These allegations are even weaker as they attempt to impose liability on *Jakobitz* for *Orkin's* alleged breach of duty and negligence.

[4] Indeed, in their proposed amended complaint, Plaintiffs acknowledge this fact and omit Jakobitz from similar allegations by stating, "Orkin, LLC employees went into Plaintiffs (sic) attic to blow insulation into it. When they were blowing the insulation, they knocked the vent flue loose in the attic." (Doc. 22-1, ¶ 5).

premises without advising Plaintiffs of the danger of carbon monoxide exposure. As Jakobitz had no role in installing the insulation in Pitman's attic, there is no basis for a cause of action of negligence against him.

According to Plaintiffs, not only does Jakobitz's presence destroy complete diversity, it also triggers the forum defendant rule, which prevents removal where at least one defendant is a citizen of the forum state. It is true that actions removed on the basis of diversity jurisdiction cannot be removed "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). But Jakobitz has been fraudulently, not properly, joined in this action and will be dismissed on that basis, and thus, the forum defendant rule does not apply, nor has it been violated. *See Midland Management Co. v. American Alternative Ins. Corp.*, 132 F. Supp. 3d 1014, 1023-24 (N.D. Ill. 2015); *see also Yount v. Shashek*, 472 F. Supp. 2d 1055, 1059 (S.D. Ill. 2006) ("There is of course an exception to the forum defendant rule where a [nondiverse] forum defendant has been fraudulently joined to defeat diversity jurisdiction."); *but cf. Morris*, 718 F.3d at 666-671 (discussing whether the fraudulent joinder doctrine extends to a *diverse* resident defendant, whose presence triggered the forum defendant rule but *did not* compromise the parties' complete diversity.)

Because Jakobitz has been fraudulently joined, the Court disregards his citizenship in its jurisdictional analysis and dismisses him from this action without prejudice. As discussed above, without Jakobitz in the action, the Court has subject matter jurisdiction, and Rollins has met its burden in demonstrating removal is proper. Plaintiffs' Motion to Remand (Doc. 18) is denied.

**III.     Motions to Dismiss**

Defendant Jakobitz filed a Motion to Dismiss Counts III and IV of the Complaint for failure to state a claim. (Doc. 12). In the motion, he argues that he played no role in the negligent actions that led to Plaintiffs' injuries on February 10, 2022. Under Plaintiffs' theory of common law negligence, Jakobitz asserts that they could not show that he owed any duty of care, breached any such duty, or caused Plaintiffs' injuries. As the Court has already dismissed Defendant Jakobitz from this action for fraudulent joinder, his Motion to Dismiss for Failure to State a Claim is now moot.

Defendant Rollins also filed a Motion to Dismiss for Counts I and II of the Complaint. (Doc. 9). In its motion, Rollins argues that it is not a proper party and that the proper party, Orkin, LLC, is indispensable to the action. According to its motion, Rollins is a finance company and does not offer or perform pest control services. Rather, Orkin LLC does. Because Orkin LLC contracted with Pitman to blow insulation into her attic, Rollins argues that Orkin LLC is the proper, not to mention an indispensable, party.

Plaintiffs agree. In their Motion to File an Amended Complaint, Plaintiffs acknowledge that, after removal, they discovered "Rollins Acceptance Company, LLC d/b/a Orkin" was not a proper party to this suit, and the proper defendant is, in fact, Orkin LLC (whose sole member, Rollins, Inc., is a Delaware corporation with its principal place of business in Georgia). (Doc. 22). The Court construes Plaintiffs' motion as seeking to voluntarily dismiss the claims against Rollins by way of Amended Complaint and to add the proper defendant to this action. As such, the Court grants Plaintiffs' Motion to Amend (Doc. 22) and finds Rollins's Motion to Dismiss (Doc. 9) moot. In light of the Court's

dismissal of Jakobitz, Plaintiffs shall make the necessary updates to their proposed amended complaint before filing it.

## CONCLUSION

For the reasons outlined above, the Court finds that Defendant Stephen Jakobitz was fraudulently joined in this action. As such, Stephen Jakobitz is **DISMISSED** without prejudice. Accordingly, the Court **DENIES** Plaintiffs' Motion to Remand (Doc. 18), and the Court retains jurisdiction of this action. The Court **GRANTS** Plaintiffs' Motion to Amend/Correct the Complaint (Doc. 22) to substitute the proper defendant in lieu of Defendant Rollins. Plaintiffs shall file an Amended Complaint on or before **July 3, 2024**. Moreover, Defendant Rollins's Motion to Dismiss Counts I and II of the Complaint (Doc. 9) and Defendant Jakobitz's Motion to Dismiss for Failure to State a Claim (Doc. 12) are **DENIED as moot**.

IT IS SO ORDERED.

DATED: June 13, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**